IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00832-MSK-MEH

TARA WOODS LIMITED PARTNERSHIP, a Minnesota limited partnership,

    Plaintiff,

v.

FANNIE MAE, a federally chartered corporation, and
EICHLER, FAYNE & ASSOCIATES, a Michigan general partnership, a/k/a EF&A Funding, LLC, d/b/a Alliant Capital, LLC, a Michigan limited liability company,

    Defendants..

---

**ORDER ON MOTION TO STRIKE JURY DEMAND**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendants' Motion to Strike Plaintiff's Jury Demand [filed February 16, 2010; docket #96]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the motion was referred to this Court for disposition [docket #97]. The matter is briefed and, upon review of the pleadings, the Court concludes that oral argument will not be of material assistance in adjudicating the motion. For the reasons that follow, the Court **grants** the Defendants' motion.[1]

**I.    Background**

In this case, Andrew Grossman, on behalf of Tara Woods as its principal, executed loan documents with respect to the Stone Creek Apartments property, including a Note and Deed of

---

[1] A motion seeking an order to strike a jury demand raises a non-dispositive issue. *See* 28 U.S.C. § 636(b)(1)(A); *see also Deslauriers v. Chertoff*, 2009 WL 3418525, *1 n.1 (D. Me. Oct. 20, 2009) (unpublished) (listing cases).

Trust, that contain the following provision[2]:

> **21. WAIVER OF TRIAL BY JURY. BORROWER, KEY PRINCIPAL AND LENDER EACH (A) AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS NOTE OR THE RELATIONSHIP BETWEEN THE PARTIES AS LENDER, KEY PRINCIPAL AND BORROWER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY EACH PARTY, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.**

*See* docket # 96-3 at 6-7. The provision is located in the last numbered paragraph of the Multifamily Note before Dr. Grossman's signature and appears in the same format as set forth above in bold, capital letters. *Id.* No other provision in the Note appears in all bold, capital letters. Based upon this provision, Defendants seek to strike the jury demand made in Plaintiff's First Amended Complaint. *See* docket #65.

## II.      Legal Standard

The Seventh Amendment guarantees the right to a trial by jury. In cases litigated in federal courts, this guarantee is governed by federal law. *Telum, Inc. v. E.F. Hutton Credit Corp.,* 859 F.2d 835, 837 (10th Cir. 1988) (citing *Simler v.. Conner,* 372 U.S. 221, 221-22 (1963)). As such, the question of whether a party has waived its right to a jury trial also is a question of federal law. *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007); *see also Allyn v. Western United Life Assurance Co.,* 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004).

The Tenth Circuit has found that "[a]greements waiving the right to trial by jury are neither

---

[2] The Deed of Trust contains a similar provision that is not materially different than that found in the Note, and contains the same formatting and similar location (the last numbered paragraph above Dr. Grossman's signature) as the Note's provision. *See* docket #96-5 at 14-15.

2

illegal nor contrary to public policy." *Telum*, 859 F.2d at 837 (citations omitted). However, the waiver must be knowing and intentional. *See id.* (citing *Leasing Serv. Corp. v. Crane,* 804 F.2d 828, 832 (4th Cir.1986)).

Courts in this district have considered a number of factors when determining whether an individual or entity has entered into a contractual jury trial waiver knowingly and voluntarily. Those factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *See Postnet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, No. 06-0125-PSF-BNB, 2006 WL 1775599, *1 (D. Colo. June 26, 2006) (unpublished) (citing *Allyn,* 347 F. Supp. 2d at 1251); *Timber Doodle Glade Equity Venture, LLC v. D.E. Shaw Laminar Lending, Inc.*, No. 06-0799-WDM, 2007 WL 4287728, *2 (D. Colo. Dec. 4, 2007) (unpublished); *see also Rocky Mountain Chocolate Factory, Inc. v. SDMS, Inc.*, No. 06-1212-WYD, 2007 WL 4268962, *7 (D. Colo. Nov. 30, 2007) (unpublished) (while the court did not list them, it considered all of the *Postnet* factors in its decision to uphold the jury trial waiver). "Although the factors play an important role in the Court's decisionmaking process, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn,* 347 F. Supp. 2d at 1251-52.

Notably, the Tenth Circuit has indicated that cases invalidating jury waiver provisions have relied on facts such as inconspicuous fine print or a gross disparity in bargaining power. *Telum,* 859 F.2d at 837; *see also Bevill Co. v. Sprint/United Mgmt. Co.*, 304 F. App'x 674, 682 (10th Cir. 2008).

3

The Tenth Circuit has not, however, determined which party has the burden of showing whether the contractual jury waiver was knowing and voluntary. *See Hulsey v. West*, 966 F.2d 579, 582 (10th Cir. 1992). Nevertheless, at least one court in this district has found that the burden of proving a voluntary and knowing waiver is on the party seeking to enforce the waiver. *Timber Doodle*, 2007 WL 4287728 at *2. This Court agrees and places the burden on the Defendants in this case.

**III.    Analysis**

Here, the Court will analyze whether the Defendants have demonstrated that Plaintiff knowingly and voluntarily waived a jury trial in this matter by considering and weighing the *Postnet* factors.

    A.    <u>Conspicuousness of the Provision</u>

Here, there is no doubt that the provision is conspicuous as it is set forth in bold, capital letters unlike any other provision in the Note or Deed of Trust. In addition, the location of the provisions on the pages just before Dr. Grossman's signatures demonstrates that he (and/or his counsel) likely saw and read the provision before Dr. Grossman signed the documents. Moreover, Dr. Grossman does not dispute that he or his counsel had possession of the documents well before the closing and that he had signed similar documents containing the same provision only months before the closing at issue in this case. The Court finds this factor weighs in favor of waiver.

    B.    <u>Level of Sophistication and Experience of the Parties</u>

It is undisputed that Dr. Grossman has two advanced degrees - an M.D. from Johns Hopkins University and an M.B.A. from Stanford University - and possesses significant business experience having been the president of a 10,000-employee financial company. Moreover, as stated above, Dr. Grossman had already closed on at least one loan with Fannie Mae prior to the closing of the loan

4

at issue. This factor weighs in favor of waiver.

      C.      <u>Representation by Counsel</u>

Plaintiff does not dispute that Dr. Grossman was represented by counsel from two law firms at the closing of the refinance on Stone Creek Village Apartments. *See* docket 96-11 at 5. One of the firms represented to Defendants one week before the closing that it had "examined" the loan documents in connection with the refinance. Docket #96-12 at 2-3. Moreover, Dr. Grossman testified that he reviewed both the Note and the jury waiver provision in the Deed of Trust before he signed them. *See* docket #96-19 at 10 (43: 6-8) and 14(63: 2-5). This factor weighs in favor of waiver.

      D.      <u>Opportunity to Negotiate</u>

Defendants contend that, while the Note and Deed of Trust are "standardized" forms likely used in many commercial loan transactions and it is unusual (though possible) to negotiate the terms of the loan documents, Dr. Grossman was free to reject the loan and pursue other lenders. Apparently, Dr. Grossman had already sought proposals from other lenders. However, Plaintiff counters that Fannie Mae dominates the mortgage industry in offering attractive interest rates and, thus, is able to impose its standard terms on borrowers. With respect to Dr. Grossman, Plaintiff states that he was under pressure from his father to refinance Stone Creek and was in no position to demand better terms, particularly since he had already invested nearly $400,000.00 in deposits on the loan.

The Court finds that Dr. Grossman appeared to have little opportunity to negotiate the terms of the standardized loan documents presented to him for the loan at issue. At the same time, there is no indication that he or his counsel tried to negotiate the terms, particularly the jury waiver

5

provision, and was rejected. "A contract clause is not unenforceable merely because one party to the contract insists on it." *Postnet*, 2006 WL 1775599 at *3. In weighing the parties' arguments, the Court finds that this factor is neutral as to waiver.

E. Relative Bargaining Power

Dr. Grossman testified he was personally involved in seeking refinancing from several lenders and "shopped the loan, obviously." Docket #96-19 at 12 (55: 16-25, 56:1-3). Apparently, Dr. Grossman received at least three or four proposals from lenders. *Id.* at 13 (58: 18-25). Defendants contend that, although Dr. Grossman may have been under some pressure from his family, he was not compelled to transact the refinance specifically with Defendants and had the option of choosing another lender.

Plaintiff summarizes its counter-argument as follows: "Fannie Mae offered better financial rates, Grossman was under pressure to refinance as soon as possible, Grossman had spent time and money pursuing a closing with Fannie Mae, and Fannie Mae admits that, as a rule, it does not agree to changes to standard forms." Docket #104 at 9.

The Court finds that the facts of this case do not rise to the level of a "gross disparity" in bargaining power between Plaintiff and Defendants. *See Telum*, 859 F.2d at 837. Dr. Grossman is a highly educated, sophisticated business man, represented by counsel, who testified that he "shopped" the loan and considered other lender's proposals before choosing to transact with Defendants. Such testimony does not indicate that he was compelled by Defendants to engage in the transaction. While Fannie Mae is certainly a large entity with the ability to offer attractive interest rates, Dr. Grossman does not dispute that he had other choices. Dr. Grossman and his counsel reviewed the loan documents, including the jury trial waiver provision, and determined to

refinance with Defendants. The Court sees no gross disparity in the transaction and finds that this factor weighs in favor of waiver.

**IV.    Conclusion**

The *Postnet* factors as applied to the facts of this case weigh in favor of finding that Dr. Grossman's execution of the jury trial waiver provision was knowing and voluntary. Moreover, the Court notes there may be some question as to whether the Plaintiff's objection to the jury waiver clause is consistent with its stated contract claims against Defendants. *See Perry v. Scruggs*, 17 F. App'x 81, 91 (4th Cir. 2001) (unpublished) ("we agree with the district court's finding that a person may not simultaneously bring a claim under a contract and repudiate a jury waiver clause in the same contract"). Therefore, the Court finds that the jury trial waiver provision at issue in this case is valid and enforceable.

Based on the foregoing, and the entire record provided to the Court, I do hereby **grant** Defendants' Motion to Strike Plaintiff's Jury Demand [filed February 16, 2010; docket #96].

Dated at Denver, Colorado, this 1st day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge