IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00832-MSK-MEH

TARA WOODS LIMITED PARTNERSHIP, a Minnesota limited partnership,

    Plaintiff,

v.

FANNIE MAE, a federally chartered corporation, and
EICHLER, FAYNE & ASSOCIATES, a Michigan general partnership, a/k/a EF&A Funding, LLC, d/b/a Alliant Capital, LLC, a Michigan limited liability company,

    Defendants.

---

**ORDER ON MOTION TO COMPEL PAYMENT OF EXPERT FEES**

---

Pending before the Court is Plaintiff's Motion to Compel Payment of Expert Fees Incurred to Respond to Subpoena [filed June 10, 2010; docket #146]. The matter is briefed and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the motion.

The Court has set forth the facts of this case in previous orders; thus, it is not necessary to repeat the facts here. The current dispute arises from the Defendants' refusal to pay fees requested by Plaintiff's retained expert witness for preparation of documents subpoenaed by the Defendants for the expert's deposition. Specifically, Defendants served a subpoena duces tecum upon Plaintiff's banking/financial expert, Gary Kopff, requesting nine categories of documents including publications, reports, deposition transcripts, notes and any documents concerning the expert's current retention. The subpoena required that the documents be produced within ten days. Mr. Kopff responded by producing some 12,000 pages of documents and objecting to certain requests.

Mr. Kopff submitted an invoice for this production claiming that he spent 12 hours compiling the information/documents produced to Defendants. He charged his hourly rate of $500.00 and claimed that he spent $15.00 in out-of-pocket expenses. Thus, the total amount reflected on the invoice is $6,015.00.

Defendants refuse to pay the total amount of the invoice. First, they claim they are not obligated to pay Mr. Kopff's fees pursuant to Rule 45 and that Rule 26's fee provision does not apply with respect to responding to discovery requests. Second, even if Rule 26 applies, Defendants contend that Mr. Kopff's fees are unreasonable.

The Court disagrees that Rule 26 is inapplicable to this matter. Rule 26(b)(4)(A) governs trial preparation for retained experts, including taking depositions. Rule 26(b)(4)(C) provides, in pertinent part, "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)." At least one court in this district has relied upon Rule 26(b)(4)(C) in granting the payment of fees to an expert for responding to discovery requests. *See Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1990) (granting a fee of $25/hour for copying documents responsive to discovery requests).

Defendants contend that Rule 26(b)(4)(C) applies only to payment of the expert's hourly fee for time spent at the deposition. However, the language of the rule specifically provides that the Court grant payment of "a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." This Court interprets the rule's language to include not only time spent responding to deposition questions, but also to time spent responding to requests for documents that may be

2

used in the deposition.[1] Certainly, Defendants cannot dispute that its subpoena *duces tecum* was served specifically to obtain documents necessary and/or helpful for *their* preparation of the expert's deposition.[2] The Court finds that, in the interests of justice, Defendants must pay Mr. Kopff a reasonable fee for his time responding to Defendants' requests for documents in preparation for Mr. Kopff's deposition. *See Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331-32 (D. Del. 2003) (finding that, because the discovery requests constituted a hunt for discoverable material under Rule 26, the expert's efforts in producing the material were subject to Rule 26(b)(4)(C)); *see also Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653, 662 n.16 (E.D. Tex. 1998) ("Federal Rule 26(b)(4)(C) authorizes reimbursement for expert expenses incurred in providing discovery responses"); *Artistic Carton Co. v. Thelamco, Inc.*, 2008 WL 2622806,*2 n.2 (N.D. Ind. June 30, 2008) (citing *Fisher-Price* for the proposition that it is both routine and fair that the party requesting certain information should bear the costs associated with producing the information).

However, the Court agrees with Defendants that Mr. Kopff's requested fee is unreasonable. Defendants state that Mr. Kopff's hourly rate for deposition testimony is $500.00, but he charges an hourly rate of $350.00 for document analysis and report preparation. Plaintiff does not dispute this statement. Thus, Mr. Kopff recognizes that certain tasks are accorded different rates depending

---

[1] Despite Defendants' argument to the contrary, the Court finds no significant difference between the language of the former Rule 26(b)(4)(C), "responding to discovery under this subdivision" and the language of the current Rule 26(b)(4)(C), "responding to discovery under Rule 26(b)(4)(A) or (B)." The Advisory Committee Notes say nothing about this change, except the general statement that Rule 26 was amended "to make [it] more easily understood and to make style and terminology consistent throughout the rules."

[2] The Court notes that, like deposition testimony, the lawyer seeking documents from the expert has an ability to control the number and scope of document requests and thereby limit the expert fees incurred as a result of the request. *See Fiber Optic Designs, Inc. v. New England Pottery*, 262 F.R.D. 586, 592 (D. Colo. 2009).

upon the difficulty of the task. Here, Mr. Kopff compiled documents in his possession and copied them onto a CD in the order requested by the subpoena. While Defendants argue that such task is simply administrative, the Court disagrees to some extent. Certainly, Mr. Kopff has exclusive knowledge of information responsive to Requests No. 1, 3, 5, 8 and 9; thus, it was likely to Defendants' benefit that he respond (or object, as the case may be) to these requests himself rather than have administrative staff respond. Neither party suggested a reasonable rate for this task; however, keeping in mind that other courts have approved the rate of $50 per hour for administrative tasks (*see Fisher-Price*, 217 F.R.D. at 334; *Artistic Carton*, 2008 WL 2622806 at *4), the Court finds that a $100 hybrid (mixed professional and administrative tasks) rate per hour is reasonable here.

As for Mr. Kopff's time expended in responding to the requests, Defendants argue that Mr. Kopff was simply required by the subpoena to make the documents available for their inspection and not expend time compiling the documents and preparing a CD. The Court disagrees. The subpoena states: "YOU ARE COMMANDED to produce at the time, date and place set forth below the following documents ... and permit their inspection, copying, testing or sampling of the material." Docket #146-1 at 2. The Court finds that the subpoena may be reasonably interpreted as a request to produce the documents, rather than to have them solely available for inspection.

With respect to Mr. Kopff's suggested time taken to produce the documents, the Court finds that 2 hours to review a six-page subpoena and 2-3 hours drafting objections is unreasonable. Rather, the Court finds that a total of 3 hours for a non-lawyer to perform these functions is reasonable. As for the remaining hours, the Court cannot find that seven hours to compile, organize and copy onto a CD more than five categories of documents is manifestly unjust. Therefore, the

4

Court finds reasonable ten hours at $100.00 per hour for production of the documents requested by Defendants in the subpoena *duces tecum*. Moreover, there is no dispute as to Mr. Kopff's out-of-pocket expenses; therefore, the Court will order payment of the requested $15.00 as well.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Payment of Expert Fees Incurred to Respond to Subpoena [filed June 10, 2010; docket #146] is **granted in part** and **denied in part** as specified herein. Defendants shall pay the total sum of $1015.00 to the Plaintiff's expert, Gary Kopff, on or before August 2, 2010.

Dated at Denver, Colorado, this 20th day of July, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge