IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00832-MSK-MEH

TARA WOODS LIMITED PARTNERSHIP, a Minnesota limited partnership,

    Plaintiff,

v.

FANNIE MAE, a federally chartered corporation, and
EICHLER, FAYNE & ASSOCIATES, a Michigan general partnership, a/k/a EF&A Funding, LLC, d/b/a Alliant Capital, LLC, a Michigan limited liability company,

    Defendants.

---

**ORDER ON PLAINTIFF'S SECOND MOTION
FOR AN ORDER COMPELLING DISCOVERY**

---

Pending before the Court is Plaintiff's Second Motion for an Order Compelling Discovery [filed June 25, 2010; docket #161]. The matter is briefed and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.    Background**

The Court has issued prior orders describing in detail the circumstances that gave rise to this case. Sufficient for this Order are the allegations that Plaintiff borrowed $19,600,000.00 from EF&A in May 1999 secured by Plaintiff's interest in Stone Creek Village in Denver, Colorado. Fannie Mae became the assignee of the debt. On November 30, 2006, Fannie Mae commenced foreclosure proceedings on the Stone Creek property alleging Tara Woods was in default for failing to maintain the property lien free, failing to repair and maintain the property, failing to comply with the Denver Housing Code and failing to maintain the necessary insurance. Those proceedings were

eventually dropped. Stone Creek was sold for $20,000,000 on May 9, 2008, and Fannie Mae was paid the entire indebtedness of the loan. Plaintiff contends that Fannie Mae wrongfully interfered with its ability to sell Stone Creek at a cost of millions of dollars to Plaintiff.

In this action, Plaintiff claims deceit based on fraud – concealment, breach of fiduciary duty, intentional interference with contractual obligation and prospective economic advantage, civil conspiracy, abuse of process, breach of contract and the covenant of good faith and fair dealing, violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105, *et seq.*, negligent supervision, and violation of the Colorado Organized Crime Control Act, Colo. Rev. Stat. § 18-17-101, *et seq.*

## II. Legal Standard

The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2009). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson*

2

*v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

**III.    Analysis**

Here, Tara Woods seeks documents relating to Fannie Mae's connection with the mortgage-backed securities (MBS) pool relating to the Stone Creek loan.  Specifically, Plaintiff alleges that Fannie Mae typically sells MBS such as the Stone Creek pool, but oddly, in this case, did not sell them but retained them.  Plaintiff alleges that it first learned of this fact on May 24, 2010 during discovery.  Plaintiff states that this fact should have been disclosed much earlier in the case and, if it had, Plaintiff could have developed the facts behind Fannie Mae's decision prior to the close of discovery (which was May 28, 2010).  The alleged relevance of Fannie Mae's ownership of the MBS pool containing the Stone Creek loan is that Fannie Mae, as direct owner, had an incentive to wrongfully foreclose on Stone Creek and obtain a valuable asset that would result in income "at a time when Fannie Mae was aggressively seeking to meet earnings per share targets."  Reply at 4.

Fannie Mae, in its opposition to this motion, does not dispute Plaintiff's assertion that it is unusual for Fannie Mae to retain the MBS pools.  Plaintiff's explanation of relevance is logical, but the Court does not believe that a wholesale investigation into the subject matter of Fannie Mae's involvement with MBS pools is warranted, based on the marginal relevance of the subject matter, especially at this late stage in the case.[1]  The Court believes that Fannie Mae should either conduct a search and produce documents (if any) addressing the reason(s) why the MBS pool containing the

---

[1] The Court does not believe the motion is prejudicially belated.  The Court is not aware of a specific deadline in this case for filing discovery motions.  Absent such a specific deadline or local rule, the decision to permit such a motion is discretionary.  The Court believes that the motion in this case is not unduly tardy.  This is not a request for extension of the discovery deadline but a motion seeking to clean up discovery that allegedly should have been provided during the discovery period.

Stone Creek loan was not sold, or produce a Rule 30(b)(6) witness who can address this topic.

**IV. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Second Motion for an Order Compelling Discovery [filed June 25, 2010; docket #161] is **granted in part** and **denied in part** as specified herein. Defendants shall inform Plaintiff of the manner in which they will choose to proceed by August 9, 2010. Any request for attorney's fees in this matter is denied.

Dated at Denver, Colorado, this 4th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge