IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00832-MSK-MEH

TARA WOODS LIMITED PARTNERSHIP, a Minnesota limited partnership,

    Plaintiff,

v.

FANNIE MAE, a federally chartered corporation, and
EICHLER, FAYNE & ASSOCIATES, a Michigan general partnership, a/k/a EF&A Funding, LLC, d/b/a Alliant Capital, LLC, a Michigan limited liability company,

    Defendants.

---

### ORDER ON PLAINTIFF'S MOTION TO COMPEL PRIVILEGED INFORMATION AND DEFENDANTS' MOTION TO STRIKE

---

Pending before the Court is Plaintiff's Motion for Order Compelling Discovery of Claimed Privileged Information based upon the Crime/Fraud Exception [filed June 15, 2010; docket #153] and Defendants' Motion to Strike Plaintiff's Motion for Order [filed July 14, 2010; docket #177]. The matters are briefed and have been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **denies** the Motion to Compel and **denies as moot** the Motion to Strike.

In this action, Plaintiff has alleged that Defendants fraudulently pursued a foreclosure action against Plaintiff's property with the assistance of their counsel, Karen Jones. Plaintiff contends that "Jones' actions in trespassing on the Plaintiff's property to conduct impermissible inspections and violating a Court order denying the Defendants' request to conduct the inspections constitutes conduct requiring the application of the crime/fraud exception to the attorney-client and work product privileges." Docket #153 at 1. With this motion, Plaintiff seeks an order compelling

disclosure of information and documents characterized by Defendants as privileged attorney-client communications by, and protected work product of, Ms. Jones.

In diversity jurisdiction cases such as this one, state law controls the issues of privilege raised by the parties. *See* Fed. R. Evid. 501 (2008); *see also Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). In Colorado, the attorney-client privilege is "established by the act of a client seeking professional advice from a lawyer and extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Tucker*, 232 P.3d 194, 198 (Colo. App. 2009) (citing *Losavio v. Dist. Court in and for Tenth Judicial Dist.*, 533 P.2d 32, 35 (Colo. 1975)). The privilege applies only to communications under circumstances giving rise to a reasonable expectation that the communications will be treated as confidential. *Id.* (citing *Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001)).

The scope of the attorney-client privilege has been limited in matters where the communications between a client and attorney are made for the purpose of aiding the commission of a future crime or a present continuing crime.[1] *A. v. Dist. Court of Second Judicial Dist.*, 550 P.2d 315, 324 (Colo. 1976) (citing *Losavio*, 533 P.2d at 35). This limitation was extended to cases involving civil fraud in *Caldwell v. Dist. Court in and for City & Cnty. of Denver,* 644 P.2d 26 (Colo. 1982) and is now known as the "crime-fraud" exception to the attorney-client and work product privileges.

Application of the crime-fraud exception requires "a prima facie showing that the exception

---

[1]Plaintiff asserts that, because the Defendants' privilege log contains insufficient information as to dates of communications between Ms. Jones and her client(s), it is unable to determine whether the communications were made before or during the alleged crime/fraud.

2

applies to each document before the document is actually stripped of its privilege and admitted into evidence." *A. v. District Court,* 550 P.2d at 326. To invoke the exception, the party opposing the privilege has the burden to present a prima facie showing of "facts 'adequate to support a good faith belief by a reasonable person that wrongful conduct sufficient to invoke the crime or fraud exception to the attorney-client privilege has occurred.'" *Tucker*, 232 P.3d at 199 (quoting *Caldwell*, 644 P.2d at 33); *see also Wesp*, 33 P.3d at 200 n.16 ("[t]he party asserting that the privilege is pierced by the crime-fraud exception must make a prima facie showing that provides a foundation in fact for the assertion of ongoing or future criminal conduct."). Thus, the movant "must at least demonstrate probable cause to believe that a crime or fraud has been attempted or committed and that the communication was in furtherance thereof." *Tucker*, 232 P.3d at 200 (citing *In re Richard Roe*, 68 F.3d 38, 40 (2d Cir. 1995)).

In this case, on August 12, 2010, Judge Krieger granted in part Defendants' motion to dismiss and dismissed all six fraud claims made by the Plaintiff in this action. Docket #193. With respect to the present motion, Judge Krieger found that Plaintiff's allegations regarding the alleged wrongful inspections of Stone Creek by Fannie Mae assert a breach of contract claim, rather than a fraud claim. *Id.* at 11. In addition, with respect to the inspection conducted by the City & County of Denver, Judge Krieger determined that the allegations did not amount to fraudulent concealment or nondisclosure. *Id.* at 12. Consequently, with respect to the Plaintiff's assertion that Ms. Jones committed a fraud by conducting impermissible inspections and violating a court order, which Plaintiff claims is sufficient to invoke the crime/fraud exception in this matter, the Plaintiff is unable to demonstrate a foundation in fact supporting a good faith belief that fraudulent conduct occurred.

The Plaintiff also argues that Ms. Jones committed crimes in the form of trespass and

3

violation of a court order, which Plaintiff claims are sufficient to compel disclosure of the privileged documents. With respect to violation of the court order, Plaintiff has made no indication that Ms. Jones was found in criminal contempt of such order, nor has the Plaintiff identified the violation as a crime under Colorado law. Thus, the Court finds that Plaintiff has failed to meet its burden in this regard.

Regarding the alleged trespasses by Ms. Jones, the Plaintiff contends that Ms. Jones did not have permission to conduct inspections of the Stone Creek property, but entered the property and took "samples" (to be tested for asbestos) without the Plaintiff's permission, even after a court entered an order denying Fannie Mae permission to conduct an inspection.[2] Docket # 181 at 4-5. The Plaintiff does not provide facts demonstrating its good faith belief that Ms. Jones' actions constituted a *criminal* trespass;[3] rather, Plaintiff relies on the Colorado Supreme Court's definition of the *tort* of trespass in *Public Serv. Co. of Colo. v. Van Wyk*, 27 P.3d 377, 389 (Colo. 2001) to argue that it is entitled to disclosure of privileged communications under the crime exception. *Id.* at 4.

Defendants counter that Fannie Mae did, indeed, have permission under the Deed of Trust, executed by the Plaintiff, to "enter upon and inspect the 'Mortgaged Property (including environmental inspections and tests) during normal business hours, or at any other reasonable

---

[2]There appears to be conflicting testimony regarding whether Ms. Jones was present at this inspection conducted by the City & County of Denver and whether she took samples to test for asbestos. Docket #153 at 13-15.

[3]Although not necessarily determinative for application of the crime/fraud exception, the Plaintiff does not state that it sought criminal charges against Ms. Jones, that Ms. Jones was criminally charged or arrested for her conduct, or that Ms. Jones was convicted of a crime for her conduct. Moreover, the Plaintiff does not allege a claim of civil trespass in this action.

4

time.'" Docket #175 at 13, 17. In its recent Opinion and Order, Judge Krieger determined that Plaintiff's allegation regarding the inspections "simply asserts that the Defendants breached the contract by conducting inspections when they were not contractually permitted to do so." Docket # 193 at 11. Judge Krieger denied the motion to dismiss with respect to the breach of contract claims; thus, the question whether Fannie Mae had permission to enter upon the Stone Creek property is a substantive matter that will be adjudicated by a finder of fact in this case.

Because the Plaintiff makes only conclusory allegations regarding Ms. Jones' "trespasses" and relies on the definition of a tort as opposed to a crime, the Court finds that the Plaintiff has failed to meet its burden in demonstrating "probable cause to believe that a crime has been attempted or committed" necessary to invoke the crime exception to the attorney-client and work product privileges. *See, e.g., Tucker*, 232 P.3d at 200 (an admission that the defendant [movant] forged a district attorney's signature and evidence that defendant impersonated the district attorney to gain a benefit by deceitfully attempting to influence a judge in a criminal case demonstrated probable cause to believe defendant was attempting to commit or committing a crime or fraud).

Because the Court denies the Plaintiff's Motion to Compel on its merits, the Court need not reach the issue whether Plaintiff's motion was untimely filed and will deny as moot Defendants' Motion to Strike.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Order Compelling Discovery of Claimed Privileged Information based upon the Crime/Fraud Exception [filed June 15, 2010; docket #153] is **denied** and Defendants' Motion to Strike Plaintiff's Motion for Order [filed July 14, 2010; docket #177] is **denied as moot**.

Dated at Denver, Colorado, this 19th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge